```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**SANDRA SKEENS,**

       Plaintiff,

v.                                          Civil Action No. 2:12-cv-5049

**MUTUAL OF OMAHA INSURANCE CO.,**

       Defendant.


<u>MEMORANDUM OPINION AND ORDER</u>

      Pending is the motion by plaintiff Sandra Skeens for leave to amend her complaint, filed November 15, 2012. Mutual of Omaha Insurance Company ("Mutual of Omaha") responded in opposition on December 7, 2012. The court grants the motion to the extent set forth herein.

### I. Background

      This action arises from Mutual of Omaha's denial of Skeens' claim for Long Term Disability ("LTD") benefits. Skeens is a resident of Charleston, West Virginia and prior to her

disability was an employee of the Kanawha County School System. Compl. ¶ 5.  Mutual of Omaha is a Nebraska corporation with its principal place of business in Omaha, Nebraska.  Not. Removal ¶ 1.

Through her employer, Skeens held a Mutual of Omaha Long Term Disability Insurance Policy.  Compl. ¶ 5.  Skeens became disabled on or around March 8, 2011.  Id. ¶ 6.  At some time thereafter Skeens made a claim for LTD benefits, and Mutual of Omaha denied her claim on January 13, 2012.  Proposed Amend. Compl. Ex. A.[1]  On April 24, 2012, the Social Security Administration issued an order declaring that Skeens was completely disabled.  Compl. ¶ 9.

Skeens initiated this action on or about August 13, 2012 in the Circuit Court of Kanawha County, West Virginia.  She states in her two-count complaint that Mutual of Omaha improperly elevated its interests above hers and failed to adequately evaluate her claims.  Id. ¶¶ 8, 10.  Count I alleges that Mutual of Omaha breached her insurance contract and its duty of good faith and fair dealing.  Count II sets forth six violations of the West Virginia Unfair Trade Practices Act ("UTPA") relating to Mutual of Omaha's alleged failure to

---

[1] The original complaint does not include the date of denial.

promptly and fairly handle Skeens' claim.  See W. Va. Code § 33-11-4(9).

On September 4, 2012 the defendant removed to federal district court, invoking the court's diversity jurisdiction.  See 28 U.S.C. § 1332.  The parties held a Rule 26(f) scheduling conference, and on October 18, 2012 the court entered a scheduling order.  The scheduling order set a December 15, 2012 deadline for Skeen to request amendment or joinder.  She filed the pending motion to amend on that deadline.

Skeens' proposed amended complaint represents a significant expansion of the original complaint.  She adds two previously unnamed parties: the United of Omaha Life Insurance Company ("United of Omaha") and the Kanawha County Board of Education ("Board" or "Board of Education").  She also adds two new claims, set out in Counts II and IV, bringing the total to four.  As numbered in the proposed amended complaint, these include Count I, breach of contract; Count II, common law bad faith; Count III, violations of the UTPA;[2] and Count IV, constructive fraud and/or negligent misrepresentation.

---

[2] The proposed amended complaint drops three UTPA violations from the original complaint and adds a new one, reducing the total from six to four.

## II. The Governing Standard

Federal Rule of Civil Procedure 15(a)(2) provides that a party who can no longer amend a pleading as of right can still amend by obtaining "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. (emphasis added).

Under the Rule 15 analysis, "[t]he law is well settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). The existence of prejudice to an opponent "is reason sufficient to deny amendment," and the "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). There is no prejudice where a defendant "was from the outset made fully aware of the events giving rise to the action." Id. Amendment is futile if "the proposed amended complaint fails to satisfy the requirements of the federal rules," such as Rule 12(b)(6). United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525

F.3d 370, 376 (4th Cir. 2008) (quoting United States ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir. 2007)).

Notwithstanding the permissive standard for amendment under Rule 15(a)(2), a court has the authority to reject joinder when a plaintiff seeks to add a non-diverse defendant in a diversity case following removal. See Mayes v. Rapoport, 198 F.3d 457, 462 n.11 (4th Cir. 1999). "Careful scrutiny of attempts at post-removal, non-diverse joinder protects the diverse defendant's 'interest in keeping the action in federal court.'" Id. at 463 (quoting Coley v. Dragon Ltd., 138 F.R.D. 460, 465 (E.D. Va. 1990)). The analysis begins with 28 U.S.C. § 1447(e), which sets forth "two options." Id. at 461. The options are as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). "These are the only two options for a district court faced with a post-removal attempt to join a nondiverse defendant; the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case." Mayes, 198 F.3d at 462 (footnote omitted).

The choice between the two options is "committed to the sound discretion of the district court." Id. In making the decision, the court is "entitled to consider all relevant factors" including,

> [1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether the plaintiff has been dilatory in asking for amendment, [3] whether the plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities.

Id. at 462 (citation and internal quotation marks omitted). A showing of fraudulent joinder is "yet another element" for a court to consider in its "'flexible, broad discretionary approach.'" Id. at 463 (quoting Gum v. Gen. Elec. Co., 5 F. Supp. 2d 412, 415 n. 8 (S.D. W. Va. 1998)). Fraudulent joinder doctrine "does not directly apply after removal because the district court already possesses jurisdiction." Id. However, "if the defendants can carry the heavy burden of proving fraudulent joinder, that fact should be a factor -- and perhaps the dispositive factor -- that the court considers in deciding whether a plaintiff may join a nondiverse defendant." Id.

### III. Discussion

In her brief motion to amend, Skeens cites only Rule 15. She states that the amendment does not prejudice the existing defendant because the case was removed less than two

months prior to the filing of the motion, and the motion was filed within the timeframe set by the court's scheduling order. She adds that the amendment is necessary to allow her to "pursue additional claims" against the original and added defendants. The court agrees that the amendment satisfies Rule 15's liberal "freely give leave" standard.

The § 1447(e) analysis, however, is more exacting and is the focus of Mutual of Omaha's opposition and Skeens' reply. The court will address each of the four prongs of the analysis found in Mayes.

The first prong of Mayes, which considers whether the primary purpose of the amendment is to defeat jurisdiction, weighs in favor of denying the motion to remand. Skeens was aware of the Board of Education's role in handling her disability claim when she filed her state court complaint. She stated in the original complaint that she was employed by, and held the disability insurance policy through, the Board of Education. Compl. ¶ 5. Also, Mutual of Omaha represents, and Skeens does not contest, that the parties have conducted no written discovery or depositions that could have uncovered previously unavailable information. See Gum, 5 F. Supp. 2d at 415 (finding that the primary purpose was to defeat jurisdiction where the "amendments were filed soon after the case was removed

and before significant discovery occurred"). Skeens' decision not to name the Board of Education as a party at the outset indicates that the primary purpose of the amendment is to defeat jurisdiction. O'Connor v. Auto. Ins. Co. of Hartford Conn., 846 F. Supp. 39 (E.D. Tex. 1994) (treating a request for joinder with "much suspicion" where the plaintiff acknowledged the party's role in its state court complaint "yet failed to sue that party in state court").

Skeens has offered no persuasive explanations to the contrary. She states that "first and foremost," she has joined the Board of Education because an "ERISA disability complaint was used as a model, and in it we normally sue the plan sponsor." Pl.'s Reply 3. This does not address why the plan sponsor could not have been added four months earlier with the original filing, and at any rate, the parties agree that the present case is not governed by ERISA. Skeens adds that the amended complaint was modeled after the "eerily similar case" of Toni Penix, which also involved a disability policy that was sold by Mutual of Omaha to the Board. Id. at 4. That may be so, but it does not explain why Skeens only now seeks amendment. And while, as she points out, the defendants in Penix did not assert fraudulent joinder as to the Board of Education, that case did not concern a post-removal amendment to join a

nondiverse defendant. The weakness of Skeens' alternate explanations suggests that her primary reason for seeking to join the Board at this time, rather than with the original complaint, is to defeat jurisdiction.

The doubtful viability of Skeens' claims against the Board further indicate that the amendment's purpose is to defeat jurisdiction. As Mutual of Omaha emphasizes, Skeens has not alleged or demonstrated any contractual relationship between herself and the Board or any role of the Board in handling or paying her claims. Def.'s Opp'n 7. Only in Count IV does Skeens allege any wrongdoing by the Board of Education. There she states that the Board, along with Mutual of Omaha, United of Omaha, and Does 16 through 20, "made one or more representations to Plaintiff, Sandra Skeens, that her LTD benefits were subject to the ERISA statute." Prop. Amend. Compl. ¶ 44. While she does attach a denial letter from Mutual of Omaha stating that she has the right to bring a civil suit "[i]f [her] plan is governed by [ERISA]," she alleges no particular acts or omissions by the Board respecting ERISA. <u>Id.</u> Ex. A. The proposed amended complaint alleges no facts from which the court could conclude that the purpose of the Board's joinder is to pursue a legitimate claim rather than to defeat jurisdiction.

Mayes' second prong, regarding dilatoriness, also supports denial of the motion to amend. As explained above, Skeens has offered no persuasive reason for naming the Board as a defendant now rather than in the original complaint or in the four months from that date until her filing of the present motion. Gum, 5 F. Supp. 2d at 415 (finding the plaintiff to be dilatory where he "was aware of the facts underlying the proposed allegations, such that he could have included them ab initio" (footnote omitted)).

The court disagrees with Skeens' contention that, because she complied with the scheduling order deadline for amendment and joinder, the motion can "in no way . . . be seen as dilatory." Pl.'s Reply 5. The purpose of a scheduling order is to facilitate case management. It has little bearing on the Mayes inquiry into dilatoriness, which serves to protect the defendant's interest in choosing a forum. See 198 F.3d at 463. Compliance with a scheduling order does not cure a plaintiff's failure to explain why a defendant was not joined at the outset.

As for the third prong of Mayes, Skeens has failed to demonstrate that any significant injury will result if the Board is not joined. Her only allegation against the Board is also asserted against Mutual of Omaha and United of Omaha, as well as five Does. Prop. Amend. Compl. ¶ 44. It appears likely that

10

Skeens can be afforded complete relief from other defendants. See O'Connor, 846 F. Supp. at 41 (finding no serious prejudice where there is "absolutely nothing to indicate" that existing defendants "would be unable to satisfy a future judgment" and the plaintiff does not "urge that [the defendant he seeks to join] is the sole cause of his injury"). Additionally, Skeens will retain, if need be, the ability to test her claims against the Board in state court. See Gum, 5 F. Supp. 2d at 415 ("Although this results in the potential for parallel state/federal proceedings, the mere goals of judicial efficiency and comity do not alone govern the Court's exercise of discretion.").

Skeens' other arguments regarding prejudice have no merit. She claims, without adequate explanation, that she "will be unable to explore what the Board of Education promised her in providing her with disability benefits" if the Board of Education is not joined. Pl.'s Reply 5. She states that this is relevant to her Count IV claims of negligent misrepresentation, but her proposed amended complaint does not specify the time, place, or maker of any alleged misrepresentation by the Board of Education. In any event, full recovery appears to be otherwise available in this action, and a claim against the Board of Education can be brought in state

11

court. She also argues that without the Board as a named defendant it will be more difficult for her to get copies of the relevant employee handbook and other documents. Even if true, this inconvenience would not amount to a significant injury.

Mayes' final prong instructs courts to consider any other factors bearing on the equities. An additional factor weighing in favor of denial is "the interest of Defendants in retaining a federal forum." Gum, 5 F. Supp. 2d at 415. "'The removal statutes are predicated on giving the diverse defendants a choice of a state or federal forum.'" Id. (quoting Hensgen v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)). While a court may also consider a defendant's showing of fraudulent joinder, Mayes, 198 F.3d at 463, the absence of fraudulent joinder does not require acceptance of an amendment that would result in remand. While fraudulent joinder standing alone would warrant removal, a removing defendant does not need to prove it in the context of a post-removal amendment.

The balance of the equities, as guided by the four prongs of Mayes, requires that the court deny Skeens' joinder of the Board of Education, while allowing an otherwise permissible amendment.

IV.

It is, accordingly, ORDERED that Skeens' motion to amend be, and it hereby is, granted insofar as it adds claims and parties that do not defeat jurisdiction. Joinder of the Kanawha County Board of Education is denied.

Skeens is directed to submit a revised amended complaint for filing, consistent with this order, no later than April 26, 2013.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

                ENTER: April 12, 2013

                John T. Copenhaver, Jr.
                United States District Judge